[No. 2200.   Decided June 8, 1896.]

C. S. WARD, *Respondent,* v. F. W. WARD, *Defendant,*
SPRINGFIELD FIRE AND MARINE INSURANCE COM-
PANY, *Appellant.*

GARNISHMENT — NOTICE TO GARNISHEE — DISCHARGE.

The fact that a garnishment proceeding has not been properly
docketed and indexed is no defense to a garnishee who pays over
money after having been duly served with process in the garnish-
ment proceeding and after having appeared and answered therein
prior to the time of making such payment.

A payment by a garnishee defendant of moneys in dispute to the
clerk of the court will not discharge the garnishee from liability
when the payment is made in satisfaction of a judgment against the
garnishee in favor of the principal debtor, and the money is not de-
posited with the clerk for the purpose of disclaiming any interest
therein, as provided by Code Proc., §§ 153, 154, when money, prop-
erty or indebtedness is claimed by different parties.

Appeal from Superior Court, King County.— Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Crowley, Sullivan & Grosscup,* and *Brinker, Jones &
Richards,* for appellant.

*Hogan & McGerry,* and *O. C. Lacey,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff brought an action against
one F. W. Ward, and caused a writ of garnishment to
be issued therein and served upon the Springfield Fire
and Marine Insurance Company, appellant, on the
9th day of May, 1895.   At this time there was an
action pending, brought by said F. W. Ward against
appellant on an insurance policy, to recover damages
for loss by fire.   Appellant appeared in answer to said
writ of garnishment, and denied that it was indebted
to said F. W. Ward, upon which issue was taken by

the plaintiff. Subsequently a final judgment was rendered in the action brought by F. W. Ward against appellant, in favor of the plaintiff therein, which with interest and costs amounted to $1,550.40, on the 28th day of October, 1895, and on said day an agent for appellant paid said sum to the clerk of the superior court of King county, in which court said actions had been brought. At said time there were liens upon said judgment for attorney's fees and by virtue of another garnishment proceeding, which in all amounted to something over $600, and were prior to the garnishment lien of the plaintiff in this proceeding. Thereafter amended pleadings were filed by the parties herein and the cause came on to trial. The court found that after discharging such prior liens there remained the sum of $888 due from appellant to said F. W. Ward, to which the plaintiff in this garnishment proceeding was entitled, and a judgment was rendered in his favor against appellant therefor, from which this appeal is prosecuted.

One of the grounds of error alleged is that the clerk of the court had not properly docketed and indexed this proceeding, and as a consequence thereof the agent of appellant who made said payment was misled into believing that there was no such proceeding in existence. But this would not be a sufficient defense, for appellant had been duly served with process therein and had appeared and answered prior to the time of making such payment, and therefore cannot claim a want of notice of its pendency.

It is next claimed that appellant was discharged from all liability by reason of the payment to the clerk, and that it was the duty of said clerk to properly apply said money. It is not contended, however, that appellant complied, or attempted to comply with

41 — 14 WASH.

the provisions of §§ 153 and 154, Code Proc., in making such payment. There was testimony to show that the company's agent at the time of making payment inquired of the clerk whether there were any garnishments pending against the company, and was informed that there were none. There was testimony to dispute this and to show that the inquiry was simply as to whether the clerk had been garnished. However this may be, it is apparent that the money was paid to the clerk and by the clerk to the attorneys for F. W. Ward, under a misapprehension of the facts and without a full investigation of the records.

The agent who made the payment for the company had been employed by it after the institution of the garnishment proceedings in question. Owing to some disagreement between the company and its attorneys in the action brought by F. W. Ward, he did not consult them in the matter, but went to make the payment in company with said Ward's attorneys. He claims that he instructed the clerk to hold and apply it on such garnishments as there might be, if any. There is a conflict in the testimony as to just what was said between said agent and the clerk's deputies who were attending to the matter. Said deputies claim that they were not asked to search for garnishments against the company, and upon ascertaining that the clerk had not been garnished, they paid the money over to F. W. Ward's attorneys at the time, before said agent left the office.

This garnishment proceeding had not been docketed and indexed in the usual manner, but, as we have said, this would not release the company from liability therein. Nor could the instructions to the clerk, if given as claimed, avail the company as a defense, for it should have proceeded under the sections of the

code aforesaid, if it wanted to deposit the money and be discharged from liability. At the time the money was paid this garnishment proceeding was resting, and had been for some considerable time, upon the issue formed upon the denial by the company of any indebtedness to F. W. Ward, and was thereafter brought to trial upon the amended pleadings setting up in substance the foregoing matters; and the court found that the payment had been made in disregard of said garnishment and was not a defense, and could not have found otherwise under the law as applicable to the undisputed facts.

Some claim is also made that the plaintiff herein had not sufficiently traversed the original answer of appellant, wherein it had denied any indebtedness, but no particular defect is pointed out, and as new pleadings were filed upon which the matter was tried, this contention is without merit.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.